---

## In re LONG.

(District Court, S. D. Florida. January, 1921.)

Bankruptcy ⚍314(1)—Loan to bankrupt of proceeds of insurance policy on life of deceased brother, of whose estate he was administrator, held provable, though made by his mother, and homestead exemption set apart to him.

A loan of the proceeds of an insurance policy on the life of the lender's deceased son to the surviving son, who was administrator of decedent's estate, to be used, however, in the continuance of the partnership business of the two sons, was provable against the bankrupt estate of such survivor, though a homestead exemption had been set apart to him, and claimant was his mother.

In Bankruptcy. Petition by Mrs. Rebecca Long to review an order of a referee sustaining objections to her claim against the bankrupt estate of Dennis F. Long, doing business as D. F. & C. P. Long. Petition granted, order reversed, and cause remanded, with directions.

C. M. Cooper, Chas. P. & J. J. G. Cooper, of Jacksonville, Fla., for bankrupt.

Marks, Marks & Holt, of Jacksonville, Fla., for creditors.

CALL, District Judge. April 5, 1917, an involuntary petition in bankruptcy was filed against Dennis F. Long, doing business as D. F. & C. P. Long. In due course an adjudication in bankruptcy was had and a trustee appointed. January 28, 1918, Mrs. Rebecca Long, mother of D. F. Long, the bankrupt, filed a claim against the bankrupt estate for $4,620.77, money loaned the bankrupt.

The agreement on which the claim is predicated is in writing and attached as proof of claim, as follows:

"I hereby agree and consent to and authorize Dennis F. Long, as administrator of the estate of Charles P. Long, deceased, to use in the business of D. F. & C. P. Long, of which business I am a part owner, as sole heir of Charles P. Long (subject to the rights of creditors of said estate), all the proceeds from life insurance policy or policies of said Charles P. Long now in the hands of said D. F. Long, as administrator, to wit, the sum of five thousand seventy and $99/100$ dollars ($5,070.99). He shall pay me interest thereon at the rate of eight per cent. (8%) per annum, payable semiannually, and shall repay to me, my executors, administrators, or assigns, the said sum on or before Feb-

ruary 1, 1915, except such part thereof, if any, as might be properly paid out to creditors of said estate.

"Executed in duplicate this 24th day of June, A. D. 1914.

"I hereby consent to the above conditions.

"Rebecca Long.
"Dennis F. Long,
"As Administrator of the Estate of Chas. P. Long, Deceased."

Six objections to the allowance of this claim were filed by the trustee as follows:

"1. Because it affirmatively appears that said claimant is not a creditor of his bankrupt estate.

"2. Because said claimant is not in fact a creditor of this bankrupt estate, holding a claim payable in bankruptcy.

"3. Because the said claim as made and filed herein does not constitute such a claim or demand as is provable in bankruptcy.

"4. It affirmatively appears that said claim, if any, is against Dennis F. Long, as administrator of the estate of Charles P. Long, deceased, rather than against Dennis F. Long, trading as D. F. & C. P. Long.

"5. Said proof of claim shows upon its face that the demand of said claimant is subordinate and inferior to the debts of bona fide creditors of this bankrupt estate.

"6. It affirmatively appears that the claimant, Mrs. Rebecca Long, was a joint owner and/or a partner in the business operated by Dennis F. Long under the name and style of D. F. & C. P. Long, and as such is not entitled to participate in the proceeds of this estate until the claims of creditors are first satisfied, or that as a partner she is personally liable to the creditors of this estate."

On April 16, 1919, the referee sustained the objections of the trustee on the first four grounds. It is this order which the claimant seeks to have reviewed. The facts surrounding this matter may be concisely stated as follows:

Prior to 1913 a partnership in the wholesale and retail liquor business existed in Jacksonville, Fla., between the two brothers, D. F. and C. P. Long, under the firm name of D. F. & C. P. Long. In January of 1913 C. P. Long died intestate, leaving as his sole heir at law his mother, the claimant. D. F. Long was duly appointed the administrator of the estate of C. P. Long. On February 21, 1913, the administrator petitioned and was authorized as such administrator to continue the business of the partnership. From that time the business was conducted under the firm name of D. F. & C. P. Long until the filing of the involuntary petition in bankruptcy. The testimony taken shows that the money, proceeds of the life insurance policies, was used in the business, and that it was a loan, and not an investment. The business conducted by the bankrupt was treated by the creditors in this proceeding and by the bankrupt as belonging to the bankrupt.

The referee, in making the order disallowing the claim, seems to have been influenced by the considerations that homestead exemptions had been set apart to the bankrupt, and that the paper attached as proof of the claim was signed by the bankrupt as administrator and that technically the claimant was making the loan to him as such administrator. I do not think there can be any doubt but that the money was loaned to be used in the business and that it was the intention and understanding of the parties that such use of it was to be made; and.

further I do not think the fact that a homestead exemption had been set apart to the bankrupt should have any weight in deciding whether the claimant had a provable claim. The fact that the claimant was the mother of the bankrupt might have caused the proofs to be scrutinized more closely; but, if the proofs established a provable claim, the claimant was entitled to have it allowed, even though she was the mother of the bankrupt.

Under the circumstances of this case, as shown by the testimony, I am of opinion that the claim should have been allowed, and that the order of the referee was erroneous. The petition to review will therefore be granted and the order of the referee reversed, and cause remanded to the referee, with directions to allow the claim as unsecured. It will be so ordered.